CITY OF CLEVELAND HEIGHTS *v.* SPELLMAN.

(No. 35774—Decided December 11, 1965.)

ZINGALES, J. (by re-assignment). Gentlemen, this court has reached a decision in this matter.

It may appear to counsel here this morning, that this fact may seem spontaneous and somewhat brazen, especially so since immediately upon completion of respective counsel's argument, this court commences to read a written decision which was obviously prepared prior to this commencement of your said arguments made here this morning. I ask that you dispell that thought, if it exists at all, and any thought which you may have to the effect that your time spent here today was in vain or wasted because that is not the fact.

The file or record in this matter will readily disclose a considerable amount of authorities cited in support of the positions of the respective parties which are incorporated in the maze of briefs, answer briefs, and reply briefs filed herein, both prior to the reassignment of this matter to this court and subsequently as well. These authorities cited, I might add, were sufficient to permit this court to decide the issue before it, subject to change, if any, resulting from your oral arguments this morning. I have heard nothing in those oral arguments which would cause me to alter my decision or even waiver the slightest bit.

The crux of this matter, and the issue to be decided, is whether or not the affidavit for the search warrant and the search warrant itself (which was never heretofore discussed) are deficient, thereby giving rise to an illegal search and seizure contrary to the guarantees of the Fourth Amendment of the Constitution of the United States. The Fourth Amendment provides as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by *oath or affirmation,* and particularly describing the place to be searched, and the persons or things to be seized."

While the language of the Fourth Amendment is general, it forbids every search that is unreasonable; it protects all, those suspected or known to be offenders as well as the innocent. *Ker* v. *California,* 374 U. S. 23.

The *Ker case, supra,* decided in 1963, and which has imposed upon the states the federal standards for determining the reasonableness of a search and seizure further establishes the principle that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court

from the facts and circumstances of the case and in the light of the fundamental criteria laid down by the Fourth Amendment and in opinions of the Supreme Court applying that amendment. Findings of reasonableness are respected only insofar as consistent with federal constitutional guarantees.

With respect to the matter at hand there are certain areas of agreement between counsel, and they are as follows:

1. That based upon an anonymous letter to Paul D. Fleming, Executive Secretary to the Ohio Racing Commission, which letter was apparently forwarded to the Cleveland Heights Police Department, Capt. Earl J. Gordon, on June 10, 1965, executed the following affidavit before the Honorable Bernard Ostrovsky, judge of the Cleveland Heights Municipal Court, which reads as follows:

### AFFIDAVIT

BEFORE ME Bernard Ostrovsky, Judge of the Municipal Court of the City of Cleveland Heights, Ohio, personally appeared Earl J. Gordon who, being first duly sworn according to law, deposes and says that, on or about the 10th day of June A. D. 1965, in the aforesaid city, the following described articles of property, to wit:

Bookmaking Paraphernalia

from a crime of ..................................... on .........................., 19....., at ................. Cleveland Heights, Ohio, is concealed, and that Affiant believes and has good cause to believe that the aforementioned articles or property, or some part thereof, is concealed at 2455 Lee Road, Cleveland Heights, Ohio.

The facts on which such belief is based are:
Anonymous letter to Paul D. Fleming, Executive
Secretary of the Ohio Racing Commission

It is necessary that the said search be made in the following season:
Day (because of urgent necessity).

S/ Earl J. Gordon, Affiant.

Sworn to and Subscribed Before Me This 10th day of June, 1965.

S/ Bernard Ostrovsky
Bernard Ostrovsky, Judge
Cleveland Heights Municipal Court

(3/18/65)

2. That on the authority of that affidavit, on the same date, a search warrant was issued that reads as follows:

SEARCH WARRANT

To the Chief of Police and the Police Department Of Cleveland Heights, Ohio, Greetings:

Whereas, there has been filed with me an affidavit of which the following is a copy:

"Before Me, Bernard Ostrovsky, Judge of the Municipal Court of the City of Cleveland Heights, Ohio, personally appeared Earl J. Gordon who, being first duly sworn according to law, deposes and says that, on or about the 10th day of June A. D. 1965, in the aforesaid city, the following described articles or property, to wit:

Bookmaking Paraphernalia

from a crime of ...................................... on ......................., 19.............., at .............. Cleveland Heights, Ohio, is concealed, and that Affiant believes and has good cause to believe that the aforementioned articles or property, or some part thereof, is concealed at 2455 Lee Rd., Cleveland Heights, Ohio.

The facts on which such belief is based are:

Anonymous letter to Paul D. Fleming, Executive Secretary of the Ohio Racing Commission

It is necessary that the said search be made in the following season:

Day (Because of urgent necessity)."

These are, Therefore, to command you in the name of the State of Ohio, with the necessary and proper assistance, to enter, in the day—night time into a house or place at 2455 Lee Road, Cleveland Heights, Ohio in the county aforesaid, and there diligently search for and seize if found the said goods and persons and chattels, or articles, to wit:

Bookmaking Paraphernalia

and other items and contraband .................... from a ......................... at ......................... Cleveland Heights, Ohio, on ...................., 19...., and other stolen property and contraband, and that you bring the same or any part thereof, found on such search, and also the body(s) of Walter Spellman, or John Doe, real name unknown, whoever is in possession of the said articles, forthwith before

me, if available, to be disposed of and dealt with according to law.

Given under my hand, this 10th day of June, 1965.

S/ Bernard Ostrovsky

Bernard Ostrovsky, Judge

Cleveland Heights Municipal Court

A copy of this Search Warrant was received by me this ........ day of ................., 19.......

...........................

(3/18/65)

3. A search was subsequently made of the premises and the following property was seized: 1 Remington-Rand Adding Machine; 1 Telephone; 1 Personal Directory; Misc. Papers and Betting Data; $400.00 (upper desk drawer); and $2210.00 (person of Spellman).

4. The arrest of the defendant followed and this gave rise to defense motions presently under consideration.

A maze, I might add, an overabundance of authority has been cited by the prosecution and the defense, which is dispositive of the matter at hand and which has been extremely helpful to this court in reaching its decision.

The critical question, as I have previously indicated, is with reference to the sufficiency of the affidavit. If it is insufficient, then, of course, it must necessarily fail.

The case of *City of Akron* v. *Williams,* 175 Ohio St. 186, appears to be in parity with this matter.

It states as follows:

"GRIFFITH, J. The primary issue raised by appellant concerns the legality of the search of his premises. He urges that the search was illegal on the ground that the search warrant was invalid. It is urged that the search warrant was invalid because it was issued on an insufficient affidavit, the affidavit failing to contain the facts upon which the affiant based his belief that the subject matter of the search was concealed on the premises.

"The issuance of search warrants is controlled by Section 2933.21, Revised Code. Section 2933.23, Revised Code, provides:

"A warrant for search shall not be issued until there is filed with the judge or magistrate an affidavit particularly describing

the house or place to be searched, the person to be seized, the things to be searched for and seized, and alleging substantially the offense in relation thereto, and that the complainant believes and has good cause to believe that such things are there concealed, and he shall state the facts upon which such belief is based. The judge or magistrate may demand other and further evidence before issuing such warrant.''

This section was considered by this court with the precise question raised by appellant in *Nicholas* v. *City of Cleveland*, 125 Ohio St. 474. The court, in the fourth paragraph of the syllabus of that case, states:

''Where an affidavit for search alleges only that complainant believes and has good cause to believe that the things to be searched for are concealed in a house or place, but does not state the facts upon which such belief is based, such affidavit and warrant issued thereunder are illegal and void under the provisions of Section 13430-3, General Code.'' (Now Section 2933.23, Revised Code.)

At page 482, Judge Jones in his opinion stated:

''* * * The present law, Section 13430-3, General Code, requires the complainant not only to state in his affidavit that he believes, or has good cause to believe, that the things are concealed, but it also requires that 'he shall state the facts upon which such belief is based.' There were no facts stated in the affidavit for search in the instant case. The affidavit left the determination whether there was probable cause for search in the judgment of the complainant. The complainant may not have had any fact or justifiable information to sustain his belief, or he may have obtained his information from an anonymous source which no reasonable man would take cognizance of; or the complainant may have been actuated by malice, or by some ulterior motive against the accused. * * *'' See, also, *Nathanson* v. *United States*, 290 U. S. 41.

An examination of the affidavit for the search warrant in the instant case shows it is subject to the same disabilities as the warrant in the *Nicholas case*. The affidavit states:

''Eugene Gamble, being first duly sworn according to law deposes and says that he has personal knowledge, or knowledge from a reliable source that narcotic drugs are kept in the said county of Summit and state of Ohio, on the premises and all ap-

purtenances thereto and in that building or buildings thereon located, to wit: 1161 Marcy St., City of Akron, and that the unlawful possessors of the said narcotics are John Doe and Mary Doe, real names unknown, and that the said narcotics are being kept and used in violation of Section 3719.02 *et seq.* of the Revised Code of Ohio.''

Here, the officer stated merely that he had personal knowledge or knowledge from a reliable source that narcotics were on the premises. He did not, as the statute requires, state any fact upon which the alleged knowledge was based.

In other words, an affidavit on which a search warrant is issued must contain a statement of the facts upon which the affiant bases his belief that the property for which the search is to be made is located at the premises designated in the affidavit.''

That language appears to dispose of the question at hand. The prosecutor, however, has raised an important point in his brief in opposition to defendant's original motion to suppress, which in addition to one or two other issues are very noteworthy of further discussion.

On page 2 of said brief it states as follows:

''Although this motion has not been heard orally by the court, it is respectfully submitted that, in addition to the reference to the anoymous letter, Capt. Earl Gordon of the Cleveland Heights Police Department at the time he requested the search warrant orally informed Judge Ostrovsky of the contents of this letter and further, orally stated that the police department verified some of the facts stated in the letter which thus gave the letter credibility, justifying a request for the search warrant.''

The affidavit must contain all the requisites prescribed by statute before a search warrant can be issued; more specifically, an affidavit for a search warrant which alleges that the complainant has good cause to believe that the things to be searched for and seized are concealed on described premises, but which does not allege the offense claimed or state the facts upon which the belief of the complainant is based as required by Section 2933.23, Revised Code, is illegal and void. See *City of Columbus* v. *Buehler,* 23 N. P. (N. S.) 589; *State* v. *Clawson,* 118 Ohio App. 535.

Section 2933.23, Revised Code, is the vehicle provided, or the authority for issuance of a search warrant. It specifically provides that a warrant for search shall not be issued until there is first filed with the judge or magistrate an affidavit particularly describing: (1) The house or place to be searched; (2) The person to be seized; (3) The things to be searched for and seized, and; (4) Alleging substantially the offense in relation thereto, and; (5) That the complainant believes, and has good cause to believe that such things are there concealed, and; (6) He shall state the facts upon which such belief is based.

In accordance with these provisions, the affidavit is the initial step in procuring the warrant.

Although *Calo* v. *United States*, 338 F. 2d 792, as cited by the prosecution, enunciates the principle that an affidavit on which the warrant was based was not insufficient because *some* of it depended upon hearsay, it did not say that *all* of it could be hearsay either.

Further, the authorities are clear that the affidavit must be self-sufficient in the matter of probable cause, and cannot be bolstered up by oral testimony. In that connection see *Poldo* v. *United States*, 55 F. 2d 866; *People* v. *Carminati*, 236 N. Y. 2d 921; *Dumbra* v. *United States*, 268 U. S. 441, and a multitude of other citations and enunciations contained within them.

In the instant case, the things to be "searched for and seized" are described in the affidavit as "Bookmaking Paraphernalia from a crime of (Blank)." Paraphernalia is defined by Webster, in one instance, and as it is applied here, as furnishings or apparatus. What is or is not bookmaking furnishings or apparatus, per se, this court is at a loss to say. One might correctly suppose that this should necessarily include pen, pencils, racing forms, scratch sheets, telephones and the like. In this geographical area, the metropolis of horse racing of the State of Ohio, thousands of persons are possessed with racing forms throughout the racing season which presently spans 200 days and nights during the course of seven different racing meets, including flat and harness racing. Probably all of those persons also have pens or pencils and telephones, while many of them also include scratch sheets in their repertoire. Should we hasten to conclude therefrom that all those persons are subject to search and seizure merely because they have those innumer-

ated items or "Bookmaking Paraphernalia," if you please, in their possession? On the contrary, reasonable minds would unquestionably hasten to answer in the negative, and so does this court. Now, if these persons hereinabove referred to were using that bookmaking paraphernalia in the commission of the crime of bookmaking then, of course, the opposite view is obvious.

This court's attention is also called to another feature of the affidavit in question worthy of comment, and that is that portion dealing with the necessary ingredient of probable cause. In accordance with the constitutional guarantee, in practically the same language, the Ohio Revised Code provides that a warrant of search and seizure shall issue only upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the property to be seized. See Ohio Constitution, Article I, Section 14; and Section 2933.22, Revised Code.

In this respect, the affidavit states as follows: "The facts on which such belief is based are: Anonymous letter to Paul D. Fleming, Executive Secretary of the Ohio Racing Commission."

Apparently that language is intended to meet the requirement of Section 2933.23, Revised Code, in that the complainant shall state, supported by oath or affirmation, the facts upon which he believes that things are concealed is based.

The *Williams case, supra,* states that no reasonable man would accept an anonymous source as any fact or justifiable information to sustain his belief, and with that this court is in complete and whole-hearted agreement. To hold otherwise would be to foster pandemonium or police state and is thereby inconsistent with our present governmental concept.

In an effort to cure this defect the prosecutor, as I have previously stated, says that oral testimony was given to Judge Ostrovsky upon which the probable cause was determined. In response to this, this court states that nowhere in the record of this matter, other than in the prosecutor's brief, is that evident, and in any event, certainly not within the four corners of the affidavit itself. I repeat, the *Poldo case* sets forth the principle that an affidavit for a search warrant must be self-sufficient in the matter of probable cause, and cannot be bolstered up by oral testimony, citing the Fourth Amendment of the U. S. Constitution. See also *Nicholas* v. *City of Cleveland, supra.*

In effect, what we have before us, therefore, is an instrument called an affidavit in which the complainant has reason to believe that property, to wit: "Bookmaking Paraphernalia" is concealed at 2455 Lee Road, in the city of Cleveland Heights, Ohio, without alleging substantially the offense in relation thereto and without any facts upon which such belief is based.

Based on the foregoing, therefore, this court finds that the affidavit upon which the warrant for search was issued was insufficient and that the warrant for search and the subsequent arrest of the defendant was illegal.

Words of wisdom are appropriately set forth in the *Poldo* and *Williams cases* wherein it states that the Fourth Amendment prevents the issuance of warrants on loose, vague or doubtful bases of fact, that such searches have been deemed obnoxious to fundamental principles of liberty, and that the courts must protect the fundamental rights of all its citizens alike even though in doing so the guilty may at times escape punishment.

The police officers in this case were on the premises of the defendant with an invalid warrant.

The fact that the warrant was invalid vitiates every subsequent act which arose as a result thereof. *Akron* v. *Williams, supra.*

It is therefore ordered that the defendant's multiple Motion to Quash Search Warrant, To Suppress and Return Evidence and Property to Defendant, To Quash and Set Aside Arrest and Papers Connected therewith, and to Suppress Conversations, etc., is well taken, and granted in its entirety. Further the Clerk of the Municipal Court of Cleveland Heights is hereby ordered to return to the defendant all the property which is in his possession by virtue of the order of this court by its journal entry under date of November 19, 1965.

*Motion granted.*

ZINGALES, J., of the Bedford Municipal Court, sitting by re-assignment in the Cleveland Heights Municipal Court.