STATE *v.* MISCH.

[Cite as State v. Misch (1970), 23 Ohio Misc. 47.]

(No. 6934—Decided May 28, 1970.)

Common Pleas Court of Lake County.

*Mr. Fred V. Skok,* county prosecutor, and *Mr. Milton R. Stern,* for the state.
*Mr. Gilbert T. Cave,* for defendant.

SIMMONS, J. The defendant moves for an order suppressing all physical evidence collected by the state under the auspices of an allegedly invalid search warrant.

After hearings April 13 and May 14, 1970, and consideration of evidence, counsel briefs and the law, the motion is overruled. Exceptions are noted for the defendant.

IT IS SO ORDERED.

The affidavit for the search warrant which was submitted to the issuing magistrate, standing alone, is insufficient to justify the warrant. It neither complies with Section 2933.22, Revised Code, which calls for probable cause * * *

"A warrant of search or seizure shall issue only upon probable cause * * *"

nor with Section 2933.23, Revised Code, which requires a supporting statement of facts

"* * * and that the complainant believes and has good cause to believe that such things are there concealed and he shall state the facts upon which such belief is based * * *".

If the affidavit was all that was supplied the magistrate and all he considered in issuing the warrant, the warrant would be invalid and this motion must be sustained and the evidence suppressed. *Giordenello* v. *United States*, 357 U. S. 480; *Aquilar* v. *Texas*, 378 U. S. 108; *Nicholas* v. *Cleveland*, 125 Ohio St. 474; *City of Akron* v. *Williams*, 175 Ohio St. 186.

The only statement of supportive facts in the affidavit is

"* * * statements of a reliable confidential informant having overheard a conversation and witness of said property * * *"

which is, concededly, inadequate under the controlling decisions.

But the affiant gave the magistrate more than the affidavit. He gave him oral facts under oath and these facts, when considered in unison with the affidavit, satisfy the statutes and Federal and State Constitutional mandates which underlie them. (The 4th Amendment of the U. S. Constitution and Article I, Section 14 of the Ohio Constitution, state the prohibition in identical language.)

The critical question posed is whether such oral facts can be considered in supplement of an affidavit to test the validity of a search warrant. I believe they can and find support for this view in recent decisions of the 5th and 8th U. S. Circuit Courts of Appeal in *Lopez* v. *U. S.*, 370 F. 2d 8, and *Miller* v. *Sigler*, 353 F. 2d 424.

It is a truism that only unreasonable searches and seizures are barred. When facts under oath are given the magistrate, sufficient to create in the latter's mind a finding of probable cause for the search, the accused receives all the protection which he is guaranteed. To say those facts must be shoe-horned into a written form is to require more of both the police agency and the magistrate than the law dictates.

Certainly it would be better practice to commit them to writing, as it is better practice to reduce confessions to writing. It facilitates proving both. But oral facts to a magistrate, like oral confessions to police, should be open to consideration when the validity of a criminal process is challenged.

It may be that Section 2933.23, Revised Code, expands upon the constitutional guarantee by requiring that the validity of the search warrant stand or fall upon the affidavit alone. If this is so, then police agencies must retain house counsel to assist in the preparation of affidavits and forms presently in use must be considerably enlarged to accommodate all facts now deemed essential.

In any event, if this is to be the interpretation, it must come from a higher court than this, when the consequence of it is to bar the state from proceeding to a determination of the merits of this case against the defendant.

I am aware the Cleveland Heights Municipal Court decided this question contrarily in *City of Cleveland Heights* v. *Spellman*, 7 Ohio Misc. 149. While respecting the court's view, I find some discrepancies in the authorities it cites.

The case of *Dumbra* v. *United States*, 268 U. S. 435, 69 L. Ed. 1032, is not authority for either side of the question since it is simply not discussed there, while *Poldo* v. *U. S.*, 55 F. 2d 866, considerably antedates the *Lopez* and *Miller* cases (*supra*) and *People* v. *Carminati*, 236 N. Y. S. 2d 921, must be considered in the light of unique requirements of the New York Code of Criminal Procedure.