Elmer Ernest **RADCLIFF** et al.,
Petitioners-Appellants,

v.

Harold J. **CARDWELL**, Warden,
Respondent-Appellee.

Nos. 20948–20950.

United States Court of Appeals,
Sixth Circuit.

July 20, 1971.

Elmer Ernest Radcliff, on brief, for appellants.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before EDWARDS, McCREE and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of three petitions for writs of habeas corpus. They were consolidated because the facts in each case are the same. Petitioners were convicted of burglary in the Hamilton County Common Pleas Court, and the convictions were affirmed by the Ohio Court of Appeals. The Ohio Supreme Court denied leave to appeal. There is no issue of exhaustion of available state remedies. Coley v. Alvis, 381 F.2d 870 (6th Cir. 1967). The only substantial issues raised by the petitions

are the legality of the arrests of petitioners and the validity of a search of the trunk of the car in which they had been riding.

At approximately 9:15 p.m. on the night of March 16, 1968, a burglar alarm at a residence at 8750 Red Fox Lane, Indian Hill, Ohio, was activated, and its signal was transmitted to the Indian Hill police station. Patrolman William Miller, who was in the vicinity of Red Fox Lane, heard the police radio report of the alarm and proceeded to investigate. He observed a 1968 Cadillac with Kentucky license plates turn off from Red Fox Lane, a dead end street, into Old Indian Hill Road. The Cadillac's tires were squealing and it was moving rapidly in a fishtail motion. Officer Miller, suspecting that the vehicle was involved in the burglary, gave chase, stopped the car, and arrested the occupants, two of whom had been concealing themselves below window level. The officer then observed that there were fresh hand prints and scrape marks on the trunk of the car, which stood out because the surface of the trunk was otherwise covered with dust. It is contended that this arrest was without probable cause. We disagree.

■ The circumstances described indicated a probability that the occupants in the car were involved in the burglary sufficient to justify the halting of the Cadillac and the arrests. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). There was probable cause to believe that a crime had been committed (although the 8750 Red Fox Lane device had emitted false alarms in recent weeks) and, considering the peculiar manner in which the Cadillac was driven, the time of night, and the officer's knowledge that no one in the neighborhood owned such a car, it was reasonable to believe that the occupants of the car had been involved in the burglary.

Petitioners' other principal contention is that a search of the Cadillac's trunk, which produced burglary tools and goods stolen from 8750 Red Fox Lane, was invalid under the Fourth Amendment to the Constitution. We also find this contention without merit. The District Court held that the search was permissible under Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), which concerned the warrantless search of a motor vehicle. We do not find it necessary to reach the *Chambers* issue under these facts. Here there was a search warrant issued by a court of competent jurisdiction. After appellants were brought to the police station, Officer Miller went to the home of Hamilton County Municipal Judge William S. Mathews, and there, shortly after midnight, executed an affidavit in support of a search warrant which reads, in pertinent part:

[T]his affiant believes and has good cause to believe, in a certain house or place, there is unlawfully concealed and possessed certain *tools, Clothing and other devices used in and the proceeds obtained from the burglary of the Lawrence Smith residence located at 8750 Red Fox Ln., Indian Hill Hamilton County, Ohio* and that said affiant believes or has good cause to believe that said property, or some part thereof, is consealed [*sic*] and possessed in violation of law, viz.: *Used in commission of burglary at 8750 Red Fox Ln., Indian Hill, Ohio, in violation of Sec. 2907.09, Revised Code of Ohio* on certain premises described as follows, to wit: *1968 Cadillac 4dr hardtop bearing 1968 Kentucky License No. 676–806 located at Indian Hill Police Garage, Indian Hill, Ohio* which premises are located within the county of Hamilton and the state of Ohio, within the jurisdiction of this Court; and that such belief is based on the following facts, to wit: *Apprehension of suspects fleeing scene of burglary by affiant who was responding to burglar alarm.* Affiant further says that there is urgent ne-

cessity that the above premises be searched in the night time to prevent such contraband articles from being concealed or removed and unable to be found. [Italics indicate words typed or written in on search warrant form.]

We are not concerned here with a warrantless search, as in *Chambers, supra,* nor, as the Supreme Court was in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), with search warrants issued on the basis of affidavits citing testimony of unnamed informants. Here the affiant was Officer Miller, who had himself witnessed the acts and circumstances which constituted probable cause for the arrest. And these acts and circumstances were sufficient to authorize issuance of a search warrant. Here the arresting officer did what the courts have urged him to do. *See e.g.,* Johnson v. United States, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). He obtained a warrant from a disinterested magistrate who had the opportunity to examine him about the facts independently. In fact, testimony in the state hearing on appellants' motion to suppress the evidence indicates that Judge Mathews did question Officer Miller in detail about the circumstances on which he sought the warrant. Here the "inferences [were] drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). We hold that the warrant is valid, that the search was lawful, and that the verdict of the state courts should be left undisturbed.

One further issue requiring discussion is raised by appellants. It appears that on January 1, 1968, a reorganization of the local court system took effect in Ohio. What had been the Cincinnati Municipal Court, with jurisdiction only over the City of Cincinnati, became the Hamilton County Municipal Court, with jurisdiction throughout Hamilton County, including Indian Hill. Ohio Rev.Code § 1901.02. Judge Mathews, as a Judge of the Hamilton County Municipal Court after January 1, 1968, issued the search warrant challenged here. Objection is made to the fact that an old Cincinnati Municipal Court form was used, and that in some places "Cincinnati" was not crossed out and "Hamilton County" *not typed in.* We find no merit in the contention that this improvisation vitiates appellants' convictions. The state courts which have heard this case implicitly held that the warrant was issued by a court of competent jurisdiction. Appellants do not assert the contrary.

The judgment of the District Court is affirmed.