Charles A. TABASKO, Jr., Petitioner-Appellant,

v.

Bernard I. BARTON, Respondent-Appellee.

No. 72–1557.

United States Court of Appeals, Sixth Circuit.

Dec. 27, 1972.

872

Gerald A. Messerman, Cleveland, Ohio, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for petitioner-appellant. . Leo J. Conway, Columbus, Ohio, for respondent-appellee; Jeffrey McClelland, William J. Brown, Columbus, Ohio, on brief.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from a District Judge's order denying appellant's petition for writ of habeas corpus. He was convicted in a jury trial in 1967 under an Ohio statute, Ohio Rev.Code § 3719.101 (1971), which prohibits maintaining and operating premises in which narcotic drugs are kept. He was sentenced by the judge to two to fifteen years in the Ohio Reformatory. He has been free on bond while his case was on appeal to the Ohio Supreme Court, which affirmed his conviction (State v. Tabasko, 22 Ohio St.2d 36, 257 N.E.2d 744 (1970)), and subsequently while certiorari was sought and denied in the Supreme Court of the United States (Tabasko v. Ohio, 400 U.S. 998, 91 S.Ct. 452, 27 L.Ed.2d 450 (1971)). Bond has been continued during the instant habeas proceeding, likewise.

Appellant, at the time concerned, was a student at Bowling Green State University. He, along with a number of other students, had leased a 15-room house under an arrangement, the terms and nature of which were in dispute at trial. On the night of June 28, 1967, there was a police raid upon this house wherein the police found small amounts of marijuana in the possession of some of the occupants or in their rooms. Appellant was not on the premises at the time of the raid, nor was any marijuana found in his room.

There was, however, evidence from which the jury could have found, as it did, that appellant had control of the premises and knew that marijuana was being possessed and smoked there.

At the time Ohio, by statute, included marijuana under the classification of narcotic drugs. Ohio Gen.Code § 12672-1, 116 Laws of Ohio 491 (1935), as amended, 123 Laws of Ohio 186 (1949), 126 Laws of Ohio 179 (1955). This statute has now been amended (Ohio Rev. Code § 3719.01(K), 133 Laws of Ohio H 874 (1970)) to exclude marijuana from the narcotic drug classification, but that amendment did not provide for retroactive effect.

The habeas corpus petition with which we are here concerned pertains solely to appellant's contentions that his Fourth Amendment rights have been violated by the introduction of evidence seized in what he alleges to be an illegal search based upon an invalid search warrant.

The District Judge who heard this habeas corpus petition decided two questions as a matter of law. First, he held that the affidavit attached to the search warrant was fatally defective in that it

presented only conclusions and not sworn statements of fact which in themselves represented probable cause. We do not read appellee State of Ohio as disputing this aspect of the District Judge's rulings. And in any event, our inspection of the affidavit supports the District Judge's conclusion. Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

Second, he held that oral evidence which was presented by the police officer affiant to the magistrate prior to issuance of the warrant supplied sufficient additional specific facts to establish probable cause for the issuance of the warrant. On this point the District Judge's opinion held:

"However, facts not contained in the affidavit but sworn to [3] and related

3. The Court specifically finds that the affiant swore to the facts which he related orally to the judge.

to the judge at the time of the issuance of the warrant do establish probable cause. Thus, the affiant testified in the evidentiary hearing held by this Court that there was a three (3) month police investigation prior to the issuance of the search warrant. He also indicated that there was an informant who related to the police what individuals were frequenting the premises. Police surveillance verified the informant's information. The informant also obtained a piece of tinfoil from the premises. Residue found in the tinfoil was analyzed as marijuana. All of the above facts were related to the judge who issued the warrant but were not included in the affidavit and were not transcribed."

Tabasko v. Barton, U.S.D.C.N.D.Ohio, No. C–71–63, Memorandum Opinion and Order, p. 6, January 31, 1972.

We agree that the added facts (as summarized by the District Judge) if properly before the magistrate for his consideration, did establish probable cause for issuance of the warrant. Appellant,

however, argues 1) that as a matter of law a written affidavit for a search warrant cannot be supplemented by oral testimony; 2) that if it can be, there must be a record of such testimony for it to be accepted in a habeas corpus proceeding, and that 3) in any event, the supplementary material must be presented under oath.

■ As to the first of these points, in the federal jurisdiction and in some states, the affidavit for the search warrant must contain sworn statements which represent proof of probable cause. Rule 41(c) of the Federal Rules of Criminal Procedure specifies: "A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant." This has been held to forbid supplementation of the affidavit by oral testimony. Rosencranz v. United States, 356 F.2d 310 (1st Cir. 1966); United States v. Sterling, 369 F.2d 799 (3rd Cir. 1966); United States v. Birrell, 242 F.Supp. 191 (S.D.N.Y.1965); United States v. Walters, 193 F.Supp. 788 (W.D. Ark.1961).

■ But, of course, Rule 41(c), while applicable to the federal jurisdiction, has not been held to be a rule of constitutional dimension applicable to the states. And there are cases upon which the District Judge relied holding that oral testimony before a magistrate may be considered by him in determining probable cause. United States v. Berkus, 428 F. 2d 1148 (8th Cir. 1970); Gillespie v. United States, 368 F.2d 1 (8th Cir. 1966); United States ex rel. Pugach v. Mancusi, 310 F.Supp. 691 (S.D.N.Y. 1970), aff'd, 441 F.2d 1073 (2d Cir.), cert. denied, 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971). *See also* State v. Walcott, 72 Wash.2d 959, 435 P.2d 994 (1967); State v. Chakos, 74 Wash.2d 154, 443 P.2d 815 (1968), cert. denied sub nom. Christofferson v. Washington, 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969).

The Ohio Statute pertaining to search warrants appears to authorize the questioning of witnesses before the magistrate in addition to the presenting of probable cause information in affidavit form. Ohio Rev.Code § 2933.23 (1971). But there does not appear to be any Ohio Supreme Court case which interprets this statute so as finally to settle whether or not a contemporaneous record of such testimony is required as a matter of Ohio law. *But see* State v. Misch, 23 Ohio Misc. 47, 260 N.E.2d 841 (C.P. 1970).

This Circuit has decided that the taking of some evidence before the magistrate for some purposes is permissible under Ohio law. *See* Naples v. Maxwell, 393 F.2d 615 (6th Cir. 1968), cert. denied, 393 U.S. 1080, 89 S.Ct. 850, 21 L. Ed.2d 772 (1969); Radcliff v. Cardwell, 446 F.2d 1141 (6th Cir. 1971). In *Naples* this court sanctioned the magistrate's questioning of an affiant and adding two lines of handwritten particularized facts to the affidavit before it was sworn. But this court has never passed upon the contemporaneous record problem.

■ The only clear cut unanimity that is ascertainable in relation to the issues we are discussing is that concerning the third proposition, namely, that any information relied upon to establish probable cause must be, in the words of the Fourth Amendment, "upon probable cause, supported by Oath or affirmation." Since for the reasons outlined below we find no oath or affirmation to support the oral evidence relied upon here, we find no need to decide in this case to what degree, if any, the subsequent admissibility of oral evidence before the magistrate depends on some form of contemporaneous record.[1]

■ As we have quoted above, the District Judge, by footnote 3 of his opinion "specifically [found] that the affiant swore to the facts which he related orally to the judge." This finding, we are compelled to hold, is clearly erroneous. Fed.R.Civ.P. 52(a). We believe the District Judge was misled by the mistaken argument of the counsel for respondent Ohio who said:

MR. GELBMAN: Your Honor, I would like to say something further on this, and that is to direct the Court's attention to what was testified to on redirect examination, namely, that an oath was given before the conference with the Judge but that the witness did not recall whether the oath was administered by the Clerk of Courts or the Judge himself.

Actually, the entire redirect examination of the affiant was as follows:

By Mr. Gelbman:

Q. Was it possible that Mr. Shoemaker may have come into the room during the course of the discussion, into the Judge's chambers during the course of the discussion?

A. It would have been possible, sir.

Q. Did you observe this?

A. I can't recall, sir.

Q. Were you given an oath under which you were proclaiming that the contents in the affidavits were true in the presence of Judge Dunapace?

A. Yes, sir.

Q. But you don't recall who administered the oath?

A. No, sir.

MR. GELBMAN: That is all at this time, your Honor.

We have read and reread the entire transcript of the hearing before the District Judge. We find therein no lan-

---

1. Those cases requiring a contemporaneous record include: Glodowski v. State, 196 Wis. 265, 220 N.W. 227 (1928); Cleveland Heights v. Spellman, 7 Ohio Misc. 149, 34 Ohio Op.2d 405, 213 N.E.2d 206 (M.C.1965). Those cases holding that a contemporaneous record is not required include: Gillespie v. United States, 368

F.2d 1 (8th Cir. 1968); United States v. Berkus, 428 F.2d 1148 (8th Cir. 1970); United States ex rel. Pugach v. Mancusi, 310 F.Supp. 691 (S.D.N.Y.1970), aff'd, 441 F.2d 1073 (2d Cir.), cert. denied, 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971); State v. Misch, 23 Ohio Misc. 47, 260 N.E.2d 841 (C.P.1970).

guage from affiant which can be construed as a statement that he gave evidence under oath, except when he swore to the contents of the affidavit.

■ On this record we are unable to hold, as appellee asks (*See* State v. Tabasko, 22 Ohio St. 36, 257 N.E.2d 744 (1970)), that the introduction of the disputed evidence was "harmless error" beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of the District Court is reversed and the case is remanded for entry of the writ of habeas corpus.