**Walter Mark FLANAGAN, Petitioner-Appellant,**

v.

**Jim ROSE, Warden, Respondent-Appellee.**

No. 72–2079.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1973.

Decided May 22, 1973.

Blanchard E. Tual (Court Appointed), Tual, Douglas & Tual, Memphis, Tenn., for petitioner-appellant.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., David M. Pack, Atty. Gen., of counsel, for respondent-appellee.

Before PHILLIPS, Chief Judge, and KENT and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus. The appeal challenges the legality of a search warrant which was executed by state officers to obtain evidence to establish that the appellant and his co-defendants had been robbing the coin box of a pay telephone. Two search warrants are involved: one for the search of rooms at a motel, and the other for the search of an automobile located on the motel premises.

The affidavit in support of the search warrant was executed by the same affiant in each case. The affiant was not identified as a police officer, which in fact he was. In each affidavit this appellant, together with his co-defendants, is named. The affiant stated, in his affidavit in support of the search warrant, "that he has good ground and belief and does believe \* \* \*" that the appellant and his co-defendants are in possession of stolen property and burglary tools, and the affidavit continued, "and his reasons for such belief are that affiant has received information from David Hindman that burglary tools

and/or stolen property was stored at the above premises, November 11, 1965." The other affidavit is exactly the same, except the word "automobile" is substituted for the word "premises".

The affidavit does not identify David Hindman. There is nothing to establish or even suggest that David Hindman was an individual upon whose information reliance could be placed. There is nothing in the affidavit to establish the circumstances under which David Hindman may have obtained the information to which reference is made.

■ In summary the affidavits are clearly inadequate within the meaning of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

It is claimed by the appellee, and the district court found, that the magistrate who issued the search warrants had other information in regard to the circumstances which led up to the affidavit for the search warrant, including the identity of Hindman and how Hindman obtained the information, referred to in the affidavit, which justified the issuance of the warrant. ·

■ The transcript of the evidentiary hearing in the district court, and the transcript of all proceedings in the state trial court are insufficient to establish that the magistrate who issued the warrant took any sworn testimony to supplement the allegations in the affidavits for the search warrants. In fact the officer who swore to the affidavits in support of the search warrants testified before the District Judge:

"A. Well, I remember making this out [the affidavit] and taking it out to his residence.

Q. That is really all you remember about it, isn't it, Mr. Anderton?

A. Telling him what happened, I don't know what I said exactly.

\* \* \* \* \* \*

Q. Sir, the other question that I wanted to try to make clear is, you can't say whether or not you walked in there and just started talking to the Judge in, normally, as officers do, and as lawyers do in the courtroom, and made some statement to him about what your problem was and so forth, and then later presented, handed him the affidavit and the search warrant, and then he swore you to the contents of the warrant, you can't tell us the sequence of events, can you?

A. No, sir. I sure can't."

The same issue relating to a magistrate having information in addition to that contained in the affidavit was presented to this Court in Tabasko v. Barton, 472 F.2d 871, 874 (6th Cir. 1972). The statement made in that case is applicable to this case.

"We have read and reread the entire transcript of the hearing before the District Judge. We find therein no language from affiant which can be construed as a statement that he gave evidence under oath, except when he swore to the contents of the affidavit."

In addition to the transcript of the hearing before the District Judge we have read and reread the transcript of the trial of the principal case and can find nothing "which can be construed as a statement that the [affiant] gave evidence [before the magistrate] under oath, except when he swore to the contents of the affidavit."

■ Since the evidence secured in the search was essential to establish the appellant's connection with the crime the admission of such evidence cannot be harmless error.

The judgment of the District Court is reversed and the case is remanded for the entry of an order granting the writ of habeas corpus on such terms as may appear to the District Judge to be appropriate.