**Decided  May  1,  1987**

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

WILLIAM H. MILLARD,                )        Civil Action No. 87-0006
                                   )
          Plaintiff                )
                                   )
     vs.                           )
                                   )
FIFTH NORTHERN MARIANA             )        DECISION
COMMONWEALTH LEGISLATURE           )
HOUSE OF REPRESENTATIVES;          )
et al.,                            )
                                   )
          Defendants               )
_____)

THIS MATTER came before the Court on April 24, 1987, for hearing of Plaintiff's motion to quash or limit the subpoena served upon him by the House Special Committee of the Fifth CNMI Legislature, and Defendants' motion to dismiss the complaint. The Court, having taken the matter under advisement, now renders its decision.

At the heart of this imbroglio is the question of whether or not a special committee of the CNMI Legislature has the power to issue, and command compliance with, a subpoena. However, a full exposition of the history leading to the present dispute is instructive.

Plaintiff, while speaking to the Saipan Chamber of Commerce on January 10, 1987, alluded to the fact that, during his time as a resident of the CNMI and as one interested in engaging in business here, he had been approached by public officials soliciting payoffs from him as a cost of doing

business here. Plaintiff identified no one.

A brief firestorm of controversy ensu:d and then the matter appeared to di ouc. As often proves true, however, appearances were deceiving for, in fact, Plaintiff was subsequently questioned by, and cooperated with, the Federal Bureau of Investigation, which has undertaken a probe into allegations of corruption amongst public officials and employees in the Commonwealth.

For whatever reason, interest by the CNMI Legislature in the Plaintiff's remarks was revived and a subpoena recently was issued to the Plaintiff by the House Special Committee, which has decided that now is a pr( ~ious moment to initiate its own investigation.

Plaintiff seeks to quash or limit the subpoena, so that he is not required to divulge information given previously by him to the FBI.

Plaintiff claims that giving this information to the Special Committee, even in a closed hearing, could, through leakage of such information, forewarn subjects of the FBI investigation, allow intimidation or harassment of other possible witnesses, and eventually interfere with investigations by law enforcement authorities, whether they be the FBI or the Commonwealth's Attorney General. Plaintiff also claims that this subpoena, issued under the circumstances of this case, constitutes a violation of his civil rights.

In turn, the Legislature seeks dismissal of the

lawsuit, principally on the ground that the complaint fails to state a cause of action, but also as an affirmation that the Legislature has the power to issue subpoenas in aid of its legislative functions.

To the question of whether or not the legislative committee has the power to issue a subpoena the answer is, undeniably, yes. Such power is explicitly provided in Article II, §14(b) of the Constitution of the Commonwealth of the Northern Mariana Islands:

> ...Each house may compel the attendance and testimony of witnesses and the production of books and papers before the house or its committees...

Plaintiff's arguments for quashing or limiting the subpoena, while persuasive, nonetheless would require both that the Court speculate on the likely unfolding of subsequent events and, more importantly, intrude upon the separation of powers.

> At the foundation of the structure of the Federal Government lies the doctrine of the separation of powers among three independent coordinate branches--- the legislative, the executive and judicial departments. * * * As a corollary, none of them may encroach upon the powers of either of the other two.

Trimble v. Johnston, 173 F.Supp. 651, 652 (D.C 1959).

The Commonwealth Constitution provides for an identical government structure consisting of three branches. And this Court agrees that "[t]he Constitution imposes on the judiciary a duty of not lightly interfering with Congress' exercise of its legitimate powers." United States Servicemen's Fund v. Eastland,

AO 72
(Rev.8/92)

1145

488 F.2d 1252, (D.C. Cir.1974), rev'd on other grounds, 421 U.S. 491, 95 S.Ct. 8183, 44 L.Ed.2d 324 (1975). The judicial branch, although co-equal to the legislative branch, avoids encroachment upon the Legislature and shuns interfering with the lawful exercise by discretion of that branch. Dayton Newspapers, Inc. v. City of Dayton, 23 Ohio Misc. 49, 259 N.E.2d 522, 526 (1970). Courts are not a forum for legislative relief. Id.

> Courts may determine an unlawful abuse of power or authority by another branch of the government but where official discretion rather than the law is the criterion, the Court has no power to control legislative or executive discretion. Id.

The legislature is vested with the discretionary authority to compel witness testimony to aid in legislation. This being a discretionary power the Court chooses not to interfere with the Legislature's exercise of subpoena power within the context of this case, for it it not the province of this or any Court to compel the Legislature to act wisely, only constitutionally.

It is enough that the Legislature assert a legislative need to compel the attendance of a witness before one of its committees. This power to compel, if used wisely, is highly conducive to the promulgation of needed laws for the public good and the welfare of the people in the Commonwealth.

It is for the Legislature, however, and not this Court, to decide the wisdom and propriety of compelling testimony before it when there is already being conducted an investigation by an agency which presumably has the facilities, the skill, and the

professionalism to conduct such investigations, namely, the Federal Bureau of Investigation.

And, it is for the Legislature to decide whether or not its publicly-stated purpose of identifying, prosecuting, and punishing corruption within the ranks of public servants can be reconciled with the proposed closed-door hearings, the rationale for which has been declared to be the protection of innocent parties, and not the exclusion of the public and the media.

And, it is for the Legislature to weigh and consider the public's reaction to the appearance of a public body, the members of which might themselves be investigated, conducting a covert inquiry behind closed doors.

And, finally, it is for the Legislature to decide if a closed-door investigation is in fact a necessary prelude to the introduction and reconsideration by it of the Ethics in Government bill, or legislation of a similar nature, the likes of which has been introduced in the past but has never been processed for public or legislative consideration.

The motion to quash or limit the subpoena is DENIED. The motion to dismiss the complaint is GRANTED, with leave to amend.

IT IS SO ORDERED.

ALFRED LAURETA
JUDGE