ROLER v. STATE.

No. A-11026. Nov. 16, 1949.

(212 P. 2d 158.)

164

Hardin Ballard, Purcell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Geneva Roler, was convicted in the county court of McClain county of the offense of unlawful possession of intoxicating liquor, and was sentenced to serve six months in the county jail and pay a fine of $100.

The trial court illegally suspended the jail sentence, but that action is not questioned by the appellant. State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932.

For a reversal of the conviction, it is contended that the court erred in overruling a motion to suppress the evidence presented by the defendant. At the commencement of the trial, counsel for the defendant orally dictated into the record a motion to suppress the evidence for the reason that there was no search warrant issued or served in the case, and that if a purported warrant was ever issued, it was insufficient to authorize a search of the premises of the defendant.

In support of the motion, counsel for the defendant swore that he had made a search for a warrant and had been unable to find where any search warrant whatever was issued prior to the alleged search of the home of defendant; that he talked to the county attorney and requested the county attorney to furnish him with copy of the warrant, if one was issued, or advise him, in what court the same was issued, but that the county attorney refused to give him any information.

The state then presented the sheriff as a witness. He testified that on December 27, 1946, he executed and filed with the county judge of McClain county a complaint for a search warrant for the private residence of defendant, and that the county judge did at that time issue a warrant based on such complaint; that he delivered the warrant to two of his deputy sheriffs with instructions to make a search of the premises described in the warrant; that the next morning after the warrant was executed by the deputies, he prepared a return to be made on the warrant. He then identified what he termed was a copy of the return which he made to the warrant, and over objection of defendant's counsel, the alleged copy of the sheriff's return was admitted in evidence. The sheriff testified that he did not remember whether he ever made a return to the warrant or filed it with the

clerk. The witness then identified what he said was a copy of the complaint which he signed on December 27, 1946, for the purpose of obtaining a search warrant to search the home of defendant. He was then asked, "Do you know where the original is of that instrument?" To which he answered, "Well, I presume they are in the office, I don't know whether they were filed or not". The court then, over objection of counsel for defendant, admitted the purported copy of the complaint in evidence.

Counsel for defendant then presented the court clerk as a witness who swore that he kept a record in his office of the complaints filed before the county judge for the issuance of a search warrant, and also kept a record of the warrants issued together with the returns made thereon; that he had made on that day a complete check of his records and that there was no evidence of a complaint being filed on December 27, 1946, for the search of the residence of defendant, and that he had found nothing to show that a warrant had ever been issued or returned in connection with the purported complaint.

At the conclusion of this evidence, the court overruled the motion to suppress.

Counsel for defendant has written a brief citing many authorities to sustain his position. There has been no answer brief filed on behalf of the state. Under such circumstances, we assume that counsel for the state is unable to find any authorities to sustain the action of the court in overruling the motion to suppress the evidence.

In Uhlenhake v. State, 58 Okla. Cr. 248, 52 P. 2d 117, 120, this court stated:

"In issuing a search warrant the statute requires the evidence of probable cause to be made a permanent record in the form of a verified complaint or an affidavit.

"The complaint or affidavit and the search warrant should be matters of public record in the office of the justice of the peace who issued the search warrant.

"The statement of the custodian of a record as to its contents is no more valuable than the statement of any other person who has read it. The record itself is the evidence, and the affidavit and the warrant issued thereon is the best evidence of what they contain.

"Where a record is lost or destroyed, the statute provides for substitution.

"Section 810, St. 1931 [67 O. S. 1941 § 1], provides: 'Whenever the record of any judgment or decree, or other proceeding, of any court of this State, or any part of the record of any judicial proceeding or any other public records, shall have been lost or destroyed, any person interested therein may, on application by petition, in writing, under oath, to the proper court of the county wherein the records were kept, and on showing, to the satisfaction of such court, that the same has been lost or destroyed without fault or neglect of the person making such application, obtain an order from such court, authorizing such defect to be supplied by a duly certified copy of such original record, where the same can be obtained; which certified copy shall, thereafter, have the same effect as such original record would have had, in all respects.'

"Section 3233, St. 1931 [22 O. S. 1941 § 1233], provides that a return to a search warrant shall be verified by the affidavit of the officer. The written return to the execution of a search warrant is ordinarily the best evidence of what the executing officers did. Welch v. State, 30 Okla. Cr. 330, 236 P. 68.

"Under the statute duly certified copies of the record in question would have the same validity and effect as the original complaint, or affidavit and warrant issued thereon. It would have been proper for the county attorney to ask for such substitution as soon as the loss was discovered.

"The Constitution of our state designed as a bulwark against the power of official oppression is broad enough to accomplish its purpose.

"In Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101, 1102, we said: 'The Bill of Rights is something more than a mere compilation of glittering generalities. Some of its provisions constitute a formal and public declaration of popular rights and liberties. The guarantee in article 2, § 30 * * * that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated, should be respected by all peace officers and law-abiding citizens.'

"And the statutes are in accordance with the Bill of Rights."

To the same effect, see the case of Whitwell v. State, 65 Okla. Cr. 178, 83 P. 2d 881, 882, where it is held:

"The written return to the execution of a search warrant is ordinarily the best evidence of what the executing officers did.

"It is a well established rule of the law of evidence, that the best evidence must be produced of which the nature of the case is capable.

"The rule of evidence requiring that the best evidence shall be produced, to the exclusion of secondary and hearsay, is violated by the admission of oral testimony showing the recitals of a search warrant and the return of the officer executing the same."

Counsel for the defendant made a prima facie showing that the search of the home of defendant was illegal for the reason that there was no evidence that a valid warrant was issued. The showing made by the state did not comply with the best evidence rule of law as shown in the above-cited decisions and was insufficient to overcome the prima facie case made by the defendant as to the illegality of the search.

The judgment of the county court of McClain county is reversed, with directions to discharge defendant.

BRETT and POWELL, JJ., concur.