Merrimack,
No. 5307.

STATE *v.* STILLMAN TITUS.

Argued February 2, 1965.
Decided March 31, 1965.

*William Maynard*, Attorney General and *George S. Pappagianis*, Deputy Attorney General (*Mr. Pappagianis* orally), for the State.

*J. Gilbert Upton* (by brief and orally), for the defendant.

DUNCAN, J. The search warrant under which the State obtained the evidence objected to was issued on October 22, 1963 by a justice of the peace upon the sworn complaint of Jason Hines, a Concord police officer. It commanded the arrest of the defendant, search of his dwelling house and buildings adjacent thereto on a specified road, and seizure of certain articles described in the complaint, including "certain narcotics."

The complaint specifying the articles believed to be concealed on the described premises, alleged that the complainant has probable cause to suspect and believe and "does suspect and believe, and herewith offers satisfactory evidence that" the articles were concealed on the defendant's premises. The warrant issued by the magistrate recited that such evidence had been furnished.

At the trial the evidence offered by the State consisted of the testimony of the complaining police officer concerning the evidence presented to the magistrate who issued the warrant. This consisted of the same officer's testimony that there had been recent house-breaks in the area, and of the written statement of an informer to the effect that the various articles described in the warrant, not including the narcotics, had been seen by the informer in the defendant's possession on the premises in question and that the defendant told the informer that they had been stolen. The officer further testified that the evidence before the magistrate included his testimony that the informant also told him that narcotics were kept by the defendant in a locked

trunk kept in a shed adjoining his dwelling house. He testified that search of the premises disclosed a locked trunk in a shed adjoining the house, and that the trunk was transported to the Concord police station and there opened by a key furnished by the defendant; and that the trunk was found to contain the narcotics, as well as butcher knives also listed in the search warrant and alleged to have been stolen. Both the trunk and the narcotics were offered in evidence subject to the defendant's objection. It was agreed that the narcotics came into the defendant's possession in 1946 while he was in the military service stationed in New Jersey.

Through his court-appointed counsel, the defendant maintains that the complaint was insufficient on its face to establish probable cause for issuing the warrant to search for and seize the narcotics; and that if the State is entitled to rely upon other evidence presented to the magistrate, beyond that stated in the complaint, this evidence was insufficient to establish probable cause because the source of the informer's information was not disclosed, and no sufficient ground appeared for believing it. *Aguilar* v. *Texas*, 378 U. S. 108.

The evidence before the Superior Court indicates that the proof before the magistrate consisted of the testimony of the officer concerning articles stolen in recent breaks, and an unsworn written statement by the informer, which the officer supplemented by testimony as to what the informer had told him orally about the narcotics.

The written statement of the informer made on October 22, 1963, indicated that he had been a recent and frequent visitor to the defendant's home; that on October 18, 1963 he visited there, and following an altercation in the course of a drinking party at which the defendant and another man were also present, he had left the premises, and on his way home was arrested for driving under the influence of intoxicating liquor. The statement described articles seen in the defendant's possession (not including the narcotics) which the defendant and his wife had said were stolen.

Hearsay information may properly furnish probable cause for the issuance of a warrant when the underlying circumstances surrounding the information received by the complaining officer can be found to reasonably justify the officer's belief in its credibility. *Jones* v. *United States*, 362 U. S. 257; *Rugendorf* v. *United States*, 376 U. S. 528; *Aguilar* v. *Texas, supra; United*

*States* v. *Ventresca*, 85 S. Ct. 741. Under our practice, the evidence relied upon by an officer or magistrate to justify issuance of the search warrant is not required to be fully contained in the complaint upon which the warrant is issued. The allegation of the complaint may be supplemented by other evidence presented with it. *State* v. *Coolidge*, 106 N. H. 186. The issue of probable cause in such a case, may be determined on the basis of all the evidence presented to the magistrate.

Taken as a whole, the evidence presented to the magistrate in this case was sufficient. It appeared that the informer had personal knowledge that the butcher knives and certain other articles described in the warrant were kept on the defendant's premises and that his statement that they were stolen was based upon admissions by the defendant. The magistrate had evidence that articles corresponding to those described by the informer had been taken from homes broken into. See *Rugendorf* v. *United States, supra*, 532. The magistrate could reasonably find that the statements of the informer concerning the stolen goods were sufficiently credible to justify issuance of the warrant, and that the oral statements made by the informer concerning the narcotics were equally reliable.

As was said in *United States* v. *Ventresca, supra*, 746: ". . . affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a realistic fashion . . . A grudging . . . attitude . . . toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." See also, *State* v. *Coolidge, supra*.

We conclude that the search warrants were validly issued upon the evidence presented to the magistrate, and that seizure of the narcotics under the warrant was not unreasonable. Const., Pt. I, *Art.* 19th. It follows that the evidence objected to is admissible at the trial.

*Motion denied.*

BLANDIN, J., did not sit; the others concurred.