PER CURIAM.
Appellant seeks review of the judgment and sentence entered against him. The appellant was informed against and upon trial found guilty of breaking and entering with intent to commit a felony therein, to-wit: grand larceny and with the crime of grand larceny itself. He was sentenced to serve a fifteen-year sentence for breaking and entering with intent to commit a felony and a five-year sentence for committing grand larceny tó run concurrently with the former, both at hard labor in the state penitentiary.
Through the use of a pretrial motion to suppress and by objection during trial, both *510 of which were denied, appellant’s counsel alleged that certain items of physical evidence had been illegally obtained through the use of a search warrant. Notwithstanding appellant’s contention, some of the items found in the search were admitted into evidence.
Appellant questions the legal sufficiency of the affidavit as to probable cause upon which the search warrant was issued. F.S. § 933.18, F.S.A., is applicable in our determination of the validity of the warrant since it was appellant’s dwelling which was authorized to be and in fact searched. That portion of the affidavit which warrants scrutiny reads:
“That the aforesaid probable cause of affiant is based on the following facts:
Charles Arthur Gelis has been arrested for B&E and Grand Larceny of said personal property based on known incriminating facts and and [sic] evidence in possession of affiant, wearing appar-rel [sic] and other evidence used in connection with commission of said crime has not been recovered and is believed to be at above premises.”
We agree with appellant that the affidavit does not fulfill the requirement of the statute that it “set forth the facts on which such reason or belief is based.” Parnell v. State, Fla.App.1967, 204 So.2d 910, rev’d on other grounds, Fla.1969, 221 So.2d 129, opinion vacated, Fla.App.1969, 233 So.2d 437. Therefore, items of evidence seized thereunder should have been suppressed and held inadmissible at trial.
For the reasons stated the judgment appealed is reversed and the cause is remanded for new trial.
Reversed and remanded for new trial.
LILES, Acting C. J., and HOBSON and MANN, JJ., concur.