Hillsborough
No. 6712

STATE OF NEW HAMPSHIRE v. GARY MACDONALD

December 28, 1973

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general *(Mr. Rath* orally), for the State.

*Leonard & Harkaway* and *William J. Groff (Mr. Groff* orally) for the defendant.

KENISON, C.J. The defendant was indicted for aggravated assault. At trial the primary defense was an alibi. The jury was instructed that it could find the defendant guilty of simple assault (RSA 585:21 (Supp. 1972)), or aggravated assault (RSA 585:22 (Supp. 1972)), or bring in a verdict of not guilty. The resulting verdict of the jury was guilty of aggravated assault. The defendant's motion to set aside the verdict because not supported by sufficient evidence was denied by the Court *(Cann,* J.) who reserved and transferred the defendant's exceptions thereto.

The evidence disclosed that the defendant entered the home of the victim, Louis Senecal, shortly before midnight, went to his bedroom where Senecal was asleep, attacked him, choked him, punched him in the head and face and kicked him in the chest while he was on the floor. The victim received from the defendant bruises under his left armpit, and to his shoulder, his right knee and lower leg. The State police trooper testified that there was blood flowing from a laceration on his left cheek and his shirt was ripped off his back, hanging from one arm. Witnesses testified that the victim was pale, frightened and in shock.

A startling, unprovoked attack by a stranger against one sleeping in his own bedroom late at night accompanied by the violence that existed in this case constituted more than simple assault and justified the jury in finding that it was an aggravated assault. *State v. Ellis,* 112 N.H. 419, 297 A.2d 669 (1972). The fact that the defendant did not receive medical attention is not conclusive evidence that the assault was not of an aggravated nature. While the injuries in this case were not as serious as those in *State v. Lavallee,* 104 N.H. 443, 189 A.2d 475 (1963), and *State v. White,* 105 N.H. 159,

196 A.2d 33 (1963), they were perpetrated violently by dangerous means and under circumstances sufficient to justify a finding of an aggravated assault. *State v. Skillings,* 98 N.H. 203, 97 A.2d 202 (1953); Annots., 33 A.L.R.3d 922 (1970), 87 A.L.R.2d 926 (1963); *see State v. Brough,* 112 N.H. 182, 184, 291 A.2d 618, 620 (1972).

*Defendant's exceptions overruled.*

All concurred.