288 So.2d 549 (1974)
STATE of Florida, Appellant,
v.
James Curtis MALONE, Appellee.
No. S-493.
District Court of Appeal of Florida, First District.
January 15, 1974.
Rehearing Denied February 15, 1974.
Donald Nichols, State's Atty., Richard G. Rumrell, Roger D. Merriam, Asst. State's Attys., and Robert L. Shevin, Atty. Gen., for appellant.
Louis O. Frost, Jr., Public Defender, John Southwood, Chief Asst. Public Defender, and James O. Brecher, Asst. Public Defender, for appellee.
SPECTOR, Judge.
James Curtis Malone was charged in Duval County, Florida, with first degree *550 murder in two counts. The information alleged in one count that he killed one Wilbur Jones by stabbing, striking and beating him to death with an ice pick and an axe. The other count charged that he killed one Blanche Jones by striking and beating her to death with an axe.
In due course, a search warrant was procured by the State for Malone's residence. Following its execution, Malone moved to suppress the evidence seized pursuant thereto on the ground that the affidavit upon which the warrant was based was insufficient. The trial court granted the motion and this appeal ensued.
The affidavit made in support of the warrant reads as follows:
"Affiant's reasons for belief are as follows:
"James Curtis Malone, who is known to occupy the above described room 44, is presently in custody charged with the crimes of robbery and murder. The victim of the aforesaid crimes had in his custody prior to his death the above-mentioned described items of property. After the commission of the crimes, these items could not be located. The evidence shows that the aforementioned James Curtis Malone's fingerprints were at the scene of the robbery-murder and the said fingerprints found form the basis for the charges against him. It is believed that the above-described property is located among his belongings in the above-described room 44. It is this affiant's belief that since the above-described room 44 is the residence of the said James Curtis Malone and that he did not have the above described property in his possession at the time of his arrest, that the said property could be at his residence."
The question presented for decision is whether the foregoing affidavit contains sufficient information to show probable cause for the issuance of the search warrant. Counsel for both parties are in agreement that Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), stand for the principle that an affidavit in support of a search warrant must contain information which is sufficient for the magistrate to determine probable cause. To be sufficient the affidavit must state facts, not conclusions. Both federal and state constitutions make the same demand  search warrants must be supported by affidavits which state sufficient facts to permit an impartial magistrate to determine whether probable cause exists. Florida Statutes, Section 933.18, F.S.A., provides a like requisite.
In its order of suppression, the trial court relied heavily on Gelis v. State, 249 So.2d 509 (Fla.App. 1971), wherein the court held that the following affidavit (in material part) was insufficient to fulfill the legal requirement that it must state facts giving rise to probable cause or establishing the grounds for the application for a search warrant, viz:
"[The defendant] has been arrested for B&E and Grand Larceny of said personal property based on known incriminating facts and and [sic] evidence in possession of affiant, wearing apparrel [sic] and other evidence used in connection with the commission of said crime has not been recovered and is believed to be at above premises."
The exact ruling of the Gelis court was that the affidavit did not "set forth the facts on which such reason or belief is based." [At page 510.] We cannot agree with the trial court's conclusion that the affidavit in the case at bar suffered the defects found in the Gelis affidavit. The issue here is not whether the affiant knew beyond a reasonable doubt that the evidence was secreted in the defendant's residence but rather whether the affiant, Officer Parmenter, had reasonable cause to believe *551 that the evidence was secreted in such residence.
In Gelis, the affiant based his belief of probable cause that the subject evidence was secreted in Gelis' residence on "known incriminating facts" of Gelis complicity in the crime involved. That affidavit contained no elucidation of the incriminating facts and the assertion amounted to no more than an affidavit based on "information and belief" of the kind condemned in Borrego v. State, 62 So.2d 43 (Fla. 1952), and like cases.
In the case sub judice, however, the affidavit set forth explicitly the basis for his belief that there existed probable cause to believe that the defendant had committed the two murders and had robbed and was concealing the property so taken from the victims in the residence of the defendant. The explicit factual statement consisted of the affirmative assertion that the defendant's fingerprints were found at the scene of the crime and that a watch known to be in the victim's custody prior to his death could not be located thereafter.
Can it be said that a policeman is indulging in fanciful conjecture when he concludes that a wristwatch missing from a murder victim's arm was probably, though perhaps not certainly, taken by the killer? The constitution and cases do not require exactitudes from a police officer  only probabilities. Is a police officer to be presumed so lacking in common sense that he should believe that property known to be in the recent custody of a murder victim, but missing from his body when it was discovered, was probably taken from the body after the murder by some passerby and that there is only a possibility that it was taken by the killer? Of course not!
It is a rational conclusion that the property was probably taken by the killer. Common experience teaches us that. Hence, the affiant in this case had probable cause to believe that the killer took the watch. Moreover, that the defendant's fingerprints were found at the scene of the crime and that he was in custody based on such evidence was sufficient basis for the affiant's belief that the defendant probably committed the crimes of murder and robbery.
The affidavit for search warrant was made two days after the crime and avers that when taken into custody the stolen watch was not in the defendant's possession, and the affiant concludes that the property could be at his residence. We deem those circumstances, together with the others enumerated in the affidavit, sufficient to warrant a prudent man of the affiant's experience to harbor probable cause for the belief that the stolen property was being secreted in the defendant's residence.
When measured against the common sense, nontechnical standard adumbrated by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), as it relates to affidavits written by investigating police officers, we hold that the affidavit in this case meets the probable cause test and therefore was the proper basis for the issuance of the search warrant in question. Accordingly, the order appealed herein is
Reversed.
RAWLS, C.J. and JOHNSON, J., concur.