Hillsborough
No. 6681

STATE OF NEW HAMPSHIRE

v.

EDWARD F. McMILLAN

August 26, 1974

*Warren B. Rudman*, attorney general, and *Robert V. Johnson II*, assistant attorney general (*Mr. Johnson* orally), for the State.

*John A. Graf*, by brief and orally, for the defendant.

PER CURIAM. The defendant was convicted by jury verdict on an indictment charging him with aggravated assault on James W. Hawks at Manchester on December 13, 1972. The case was tried with an indictment against the defendant's brother, charging that he kicked Hawks on the same occasion. In the brother's case the jury returned a verdict of not guilty. Defendant's exceptions were reserved and transferred by the Trial Court, *King*, J.

The assault occurred at the Community Club in Manchester, where the principals had all been drinking either at the bar or at neighboring booths. The jury could find that the defendant, who was not an acquaintance of Hawks, was seen talking to Hawks at one of the booths while holding a switchblade knife beside his leg. Earlier he was seen to have popped the switchblade out while playing pool. Sometime later, as Hawks was about to leave, Hawks passed the defendant who was standing by the bar. The defendant was dressed in black clothing, and Hawks said to him, "I hear they call you 'Zorro'". Thereupon the defendant struck Hawks a blow with his left hand or fist, striking him below the right eye, knocking him to the floor, and inflicting two cuts beneath the eye which bled profusely.

According to Hawks while he lay on the floor face down he was kicked twice on the side of the head. There was evidence to warrant finding that the defendant kicked him at least once, and that he was kicked a second time by either the defendant or his brother. There was also testimony that when a companion of Hawks arrived to assist Hawks to his feet, the defendant asked him if he wanted "some of the same". Hawks testified that he saw a silver and black switchblade knife in the defendant's fist as he swung at him, and

that the blow "took me off my feet". Hawks was treated at a local hospital, and returned the next day for X-rays which showed no fracture. However two scars beneath the eye resulted from the assault.

We cannot accept the defendant's contention that the evidence did not warrant a finding that the assault was an aggravated assault. *State v. Ellis*, 112 N.H. 419, 297 A.2d 669 (1972); *State v. MacDonald*, 113 N.H. 725, 313 A.2d 729 (1973). The motion for acquittal was properly denied.

The course of the trial was comparatively brief. The State called five witnesses, and assigned counsel rested the defense at the close of the state's evidence. Following the charge to the jury, the defendant excepted "to the charge of the court about the inability of the State to take exception to appeal cases".

Although the transcript records few objections or exceptions taken in the course of trial, defendant's counsel requested instructions to the jury to the effect that counsel have an "ethical and legal duty to object to evidence" and that such objections by the lawyers "should not be considered . . . in weighing the merits and quality of the evidence". In response to this request the court instructed the jury that "in the question of defendant's counsel objecting and taking exceptions . . . they wouldn't be acting properly in representing their clients . . . unless they did so . . . . It is actually their duty."

Presumably to avoid any inference that the prosecutor was derelict in his duty by not excepting, the trial court properly prefaced the instructions given at defendant's request, by the instructions to which the defendant later excepted. For the most part these instructions were drawn from charges time-honored by inclusion over the years in charge books of the superior court: "[T]he State must submit without exception to the rulings of the presiding judge. The persons on trial are not so restricted. They must through their counsel properly take exception to the argument of the county attorney and to the charge of the judge; and if found to be guilty and the exceptions thus taken, they may transfer the case to the State supreme court for the correction of any error by this court. The State has no such right. So

far as a prosecution is concerned, a defendant or defendants cannot be tried again for the same offense; and a verdict of not guilty in one or the other cases ends the matter for once and for all."

There can be no question as to the accuracy of the instructions excepted to. The State is in fact without any right to transfer exceptions to this court following a verdict of the jury. *State v. Titus,* 106 N.H. 219, 212 A.2d 458 (1965); 107 N.H. 215, 220 A.2d 154 (1966), *cert. denied,* 385 U.S. 941 (1966). This principle is not peculiar to New Hampshire but governs in many other jurisdictions. *See* 5 F. Wharton, Criminal Law and Procedure § 2251 (Anderson ed. 1957).

The argument now advanced by the defendant goes not to the instructions excepted to, that is, the "inability of the State to take exception [in order] to appeal cases", but to the juxtaposition of those instructions to those given in response to the defendant's request. Conceding that the instructions "correctly state[d] the principles of law", the defendant now argues that the charge, however inadvertently, suggested to the jury "that if there is error, it will not prejudice the defendant since he retains the exclusive right of appeal".

We recognize that under different circumstances jury instructions concerning criminal appeals have been held prejudicial in cases not relied upon by this defendant, *e.g., United States v. Fiorito,* 300 F.2d 424 (7th Cir. 1962). We see no such possibility of prejudice in this case. *See United States v. Greenberg,* 445 F.2d 1158, 1162 (2d Cir. 1971). It strikes us that the charge was calculated to heighten the jury's sense of responsibility rather than to dilute it. The portion excepted to was occasioned by the defendant's request. His exception is overruled.

We hold that the instructions upon "reasonable doubt" adequately explained and defined that standard, and that other instructions emphasizing the presumption of innocence, the jury's duty to give the defendant "the benefit of every reasonable doubt", and cautioning against any inference from his failure to testify, satisfied the requirements outlined in *State v. Mannion,* 82 N.H. 518, 526, 136 A. 358, 363 (1927), upon which this defendant relies in support of his exception relating to this issue.

After the defendant was sentenced to the maximum term of imprisonment provided by statute (RSA 585:22 (Supp. 1972)), the defendant's motion to reconsider the sentence was heard by the presiding justice and denied, subject to exception. The record shows that the court considered the factors set out in *State v. Burroughs*, 113 N.H. 21, 300 A.2d 315 (1973), in the light of the recommendations of the prosecutor and of defendant's counsel, the probation report, and the evidence at the trial. We find no error in the sentence, or in the denial of the motion.

*Defendant's exceptions overruled.*