316 So.2d 618 (1975)
Larry James SWARTZ et al., Appellants,
v.
STATE of Florida, Appellee.
No. U-119.
District Court of Appeal of Florida, First District.
July 14, 1975.
*619 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellants were charged by information with breaking and entering with the intent to commit a felony and with possession of burglary tools. They were found guilty of possession of burglary tools but were acquitted of breaking and entering with the intent to commit a felony. From the judgment entered on the jury verdict and the resulting sentence this appeal is taken.
Appellants raise several points, only one of which merits our consideration.
Appellants Swartz and Woodrum were arrested on the breaking and entering charge by officers of the Ocala Police Department. The record clearly reveals probable cause for that arrest. Indeed, probable cause for the arrest has not been placed in issue either in the trial court or on this appeal. One of the arresting officers twice observed appellant Haynes driving the automobile owned by defendant Swartz in Ocala during the early morning hours of the day that appellants Swartz and Woodrum were arrested in the vicinity of a burglarized store, being the offense giving rise to the breaking and entering charge. Later in the morning, following the arrest of Swartz and Woodrum, appellant Haynes was arrested in Gainesville while still operating Swartz's automobile. Haynes and the automobile were then transported from Gainesville (Alachua County) to Marion County. A search warrant was obtained and the automobile was searched. The trunk was found to contain two books which were missing from the Gary Safe Company together with evidence relating to the charges of breaking and entering and possession of burglary tools. The two books contained the combination numbers of safes in various establishments, including the store which had been burglarized in Marion County.
The issue to be resolved by us relates to the validity of the search warrant. In turn we must determine the sufficiency of the affidavit upon which the search warrant is bottomed.
The affidavit is on a standard printed form and states, in material part, as follows:
"That the laws of the State of Florida, to-wit: the laws against Concealment and/or possession of stolen property and burglary tools are being violated on the following described premises: a 1967 Lincoln Continental * * *
Search to include all outbuildings and vehicles within the curtilage, located in Marion County, Florida, and being the premises of Lawrence James Schwartz, owner, by reason of the following facts: that the driver, Jack Daril Haynes, and the owner, Lawrence James Schwartz, were arrested * * * and charged with the burglary of the Thriftway Super Market located at 2915 Old Jacksonville Highway in Ocala.
Search of the above premises to be made to seize all contraband, stolen property, burglary tools, & identification of accomplices and to seize all persons in possession thereof. "WHEREFORE it is prayed that a search warrant be issued for the above described premises to seize *620 all contraband, stolen property, burglary tools, & identification of accomplices."
The record indicates that the allegations of the affidavit were supplemented by oral testimony from the officer who signed the affidavit before the judge who issued the search warrant. Appellants urge, however, that the affidavit itself must establish probable cause for issuance of the search warrant and that the affidavit sub judice does not do so.
F.S. § 933.18, dealing with search warrants for the search of a private dwelling, provides in material part as follows:
"* * * No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some credible witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." (Emphasis added)
The Supreme Court of Florida has held that the above quoted statute means what it says and that the affidavit upon which the warrant is bottomed "must set forth the facts tending to establish the grounds of the application or probable cause". (See Dunnavant v. State, Sup.Ct. Fla. 1950, 46 So.2d 871 and Cooper v. State, Sup.Ct.Fla. 1932, 106 Fla. 254, 143 So. 217)
F.S. § 933.06, which deals with applications for search warrants in general provides:
"The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application. The affidavit and further proof, if same be had or required, must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." (Emphasis added)
The last quoted statute, permitting the affidavit to be supplemented by further testimony, has been consistently held to be applicable to the application for search warrants for the search of things or premises other than a private dwelling. (See Dunnavant v. State, supra; Panzavecchia v. State, Fla.App.3rd 1967, 201 So.2d 762; Wolff v. State, Fla.App.3rd 1974, 291 So.2d 15; and U.S. v. McVean, 5th Cir.1974, 436 F.2d 1120)
In addition to contending that the affidavit sub judice does in fact allege probable cause on its face, the State further urges that since the "premises" to be searched is an automobile, F.S. § 933.06 is applicable and that therefore, even were the affidavit to be found insufficient on its face, the warrant was nevertheless valid because it was bottomed on supplemental testimony as specifically allowed by the last mentioned statute.
Appellants counter by calling to our attention that F.S. § 933.06 (as well as F.S. § 933.18) was passed by the legislature in 1923, predating our present Constitution which, appellants contend, contains a material change in verbiage from the Constitution of 1885 which was in effect when the statute was passed and when the several cases construing same were decided.
Our former Constitution, Declaration of Rights, Sec. 22 provided that:
"The rights of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated and no warrants issued, but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched and the person or persons, and the thing or things to be seized." (Emphasis added)
*621 Art. I, Sec. 12 of our present Constitution provides that:
"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of the evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence." (Emphasis added)
It is apparent therefore that the framers of the new Constitution changed the wording of the old "supported by oath or affirmation" to "supported by affidavit".
The fundamental purpose inconstruing a constitutional provision is to ascertain, and give effect to, the intent of the framers and the people who adopted it. (City of Jacksonville v. Continental Can Co., 1933, 113 Fla. 168, 151 So. 488) It is generally presumed that the construction of an old constitution continues to be applicable to a new one if the language is the same, but where a word in an amendment or a re-enactment of a constitution is omitted, the omission should be presumed to have been intentional. (In re Advisory Opinion to the Governor, Sup.Ct.Fla. 1959, 112 So.2d 843) The general principles applicable to statutory construction are also applicable to the construction that in making material changes in the language of a statute, the legislature is presumed to have intended some objective or alteration of the law, unless the contrary is clear from all the enactments on the subject. (Blount v. State, Sup.Ct.Fla. 1931, 102 Fla. 1100, 138 So. 2; Ryder Truck Rental, Inc. v. Bryant, Sup.Ct.Fla. 1964, 170 So.2d 822) Application of the foregoing principles to the constitutional provisions here under consideration gives rise to a presumption that the framers of our present Constitution intended to effect some change in meaning when they made the changes above mentioned.
Courts are required to give to words in statutes and constitutional provisions the meanings accorded them in common usage. (Gaulden v. Kirk, Sup.Ct.Fla. 1950, 47 So.2d 567; Ervin v. Collins, Sup. Ct.Fla. 1952, 85 So.2d 852; State ex rel. Bie v. Swope, Sup.Ct.Fla. 1947, 159 Fla. 18, 30 So.2d 748) Ballentine's Law Dictionary defines the words "oath" and "affirmation" as follows:
Oath: Any form of attestation by which a person signifies that he is bound in conscience to perform the act faithfully and truthfully.
Affirmation: A solemn statement or declaration made as a substitute for a sworn statement by a person whose conscience will not permit him to swear.
An affidavit, on the other hand, is a statement in writing. Ballentine defines an affidavit as "any voluntary ex parte statement reduced to writing, and sworn to or affirmed". Black's Law Dictionary, Fourth Edition, defines an affidavit as "a written or printed declaration or statement of facts made voluntarily and confirmed under oath or affirmation". Our sister court of the Third District in Youngker v. State, Fla.App. 3rd 1968, 215 So.2d 318, said: "An affidavit is by definition a statement in writing under oath * * *".
Cases from other jurisdictions construing the phrases "supported by affidavit" and "supported by oath or affirmation" are not helpful. (See Sparks v. U.S., 90 F.2d 61 (6th Cir.1937); Sherrick v. Eyman, 389 F.2d 648 (9th Cir.1968), cert. den., 393 U.S. 874, 89 S.Ct. 167, 21 L.Ed.2d 144; People v. Prall, 314 Ill. 518, 145 N.E. 610 (1924); People v. Two Roulette Wheels and Tables, 326 Ill. App. 143, 61 N.E.2d 277 *622 (1945); State v. Titus, 212 A.2d 458, 106 N.H. 219 (1965), cert. den., 385 U.S. 941, 87 S.Ct. 311, 17 L.Ed.2d 221 (1966); State v. Misch, 23 Ohio Misc. 47, 260 N.E.2d 841 (1970); Ashley v. State, 251 Ind. 359, 241 N.E.2d 264 (1968); Vanhook v. Common-wealth, 247 Ky. 81, 56 S.W.2d 702 (1933); City of Cleveland Heights v. Spellman, 7 Ohio Misc. 149, 213 N.E.2d 206 (1965); Roler v. State, 90 Okla. Cr. 163, 212 P.2d 158 (1949); People v. Brethauer, 174 Colo. 29, 482 P.2d 369 (Colo. 1971); People v. Stout, 66 Cal.2d 184, 57 Cal. Rptr. 152, 424 P.2d 704 (1967); State v. Cadigan, 249 A.2d 750 (Me. 1969); Commonwealth v. Monossen, 351 Mass. 327, 221 N.E.2d 220 (1966); State v. York, 250 S.C. 30, 156 S.W.2d 326 (1967); Smith v. State, 191 Md. 329, 62 A.2d 287 (1948); People v. Schnitzler, 18 N.Y.2d 457, 276 N.Y.S.2d 616, 223 N.E.2d 28 (1966); Brandies v. State, 44 Ala.App. 648, 219 So.2d 404 (1968); United States v. Whitlow, 339 F.2d 975 (7th Cir.1964); Rosencranz v. United States, 356 F.2d 310 (1st Cir.1966).
As already stated, Florida courts have construed "sworn proof by affidavit" as contained in F.S. § 933.18 as limiting the basis for demonstration of probable cause to the four corners of the affidavit. It is reasonable to conclude that the framers of our present Constitution were aware of the Florida cases and intended the phrase "supported by affidavit" as used in Article I, Sec. 12 of our present Constitution to require that a sworn written statement be the support for the demonstration of probable cause, required as a condition precedent to the issuance of any search warrant.
We arrive at the inescapable conclusion, therefore, that insofar as F.S. § 933.06 might be construed to permit the issuance of a search warrant based upon an affidavit which does not in and of itself demonstrate probable cause for the issuance of the warrant it is unconstitutional as being in violation of Article I, Sec. 12 of the 1968 Florida Constitution.
Syllogistic application of Aristotilliam logic leads to the same conclusion: (a) The present Constitution explicitly requires that probable cause be "supported by affidavit". (b) Affidavit is defined as a statement or declaration in writing under oath; therefore, (c) probable cause must be demonstrated by the written statement (affidavit) of him who makes application for the search warrant.
Having so determined, we must now decide whether the words contained in the affidavit, the pertinent portions of which are hereinabove quoted, were sufficient to demonstrate probable cause for searching the vehicle therein described. We find that it was.
While the subject affidavit is certainly no model it was sufficient for the purpose which it accomplished, the issuance of a search warrant to search an automobile for "concealment and/or possession of stolen property and burglary tools", the owner thereof then being under arrest under a charge of breaking and entering. Had the affidavit alleged that the vehicle was sought to be searched for concealment or possession of stolen property and burglary tools, alleging as a basis therefor that the owner was under arrest for a traffic violation, an entirely different situation would be presented: But those are not the facts here, nor are they the facts alleged in the affidavit.
In Dunnavant v. State, supra, the Supreme Court of Florida stated:
"The term `probable cause' has been defined as a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. The courts in determination of the existence of probable cause are not concerned with the question of the guilt or innocence of the accused but whether or not the affiant has reasonable grounds for his belief. If the *623 facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, then there is probable cause for the issuance of the search warrant. Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032." (46 So.2d 874-875; Emphasis added)
In State v. Malone, Fla.App. 1st 1974, 288 So.2d 549, this Court considered an affidavit for a search warrant for the search of appellant's residence for stolen property which the affiant alleged "could be at his [appellant's] residence." (Underlining added) The writer of that opinion said:
"* * * The issue here is not whether the affiant knew beyond a reasonable doubt that the evidence was secreted in the defendant's residence but rather whether the affiant, Officer Parmenter, had reasonable cause to believe that the evidence was secreted in such residence.
* * * * * *
"When measured against the common sense, nontechnical standard adumbrated by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), as it relates to affidavits written by investigating police officers, we hold that the affidavit in this case meets the probable cause test and therefore was the proper basis for the issuance of the search warrant in question. * * *" (288 So.2d 550-551)
Appellant relies heavily upon an opinion of our sister court of the Second District, Gelis v. State, Fla.App. 2nd 1971, 249 So.2d 509. The reported facts in that case are so scanty that we are unable to determine its application here. The articles to be searched for are not identified nor are we informed of the articles found. Neither does the opinion set forth that portion of the affidavit stating the laws allegedly being violated at the premises sought to be searched.
Having considered the other points raised by appellants and finding them to be without merit, the judgments and sentences appealed are
Affirmed.
RAWLS and McCORD, JJ., concur.