Dr. Elton J. Gissendanner Executive Director Department of Natural Resources 3900 Commonwealth Boulevard Tallahassee, Florida 32301
Dear Dr. Gissendanner:
This is in response to your request for an opinion on substantially the following questions:
 (1) DOES THE DEPARTMENT OF NATURAL RESOURCES HAVE EITHER THE DUTY OR THE AUTHORITY TO REQUIRE LANDOWNERS RECEIVING FUNDS PURSUANT TO CHAPTER 378 FOR THE RECLAMATION OF LAND TO COMPLY WITH STATE BIDDING AND PURCHASING LAWS AND RULES WHEN PROCURING SERVICES TO CARRY OUT RECLAMATION WORK?
 (2) IF THE LANDOWNER PERFORMING THE RECLAMATION PROGRAM CAN PERFORM THE RECLAMATION HIMSELF WITHOUT HIRING OUTSIDE SERVICES OR EQUIPMENT, DOES THE DEPARTMENT HAVE THE DUTY OR AUTHORITY TO SET A VALUE UPON SUCH SERVICES BASED UPON APPROPRIATE CRITERIA AND STANDARDS?
Your inquiry states that Chapter 378, F.S., requires the Department of Natural Resources to verify completion of an approved program for reclamation of nonmandatory lands to the Comptroller for payment, from the `Nonmandatory Land Reclamation Trust Fund,' of costs incurred by landowners. You also state that the Department of Natural Resources requires recipients of (1) state monies administered by your department, or (2) federal `flow-through funds,' to comply with state purchasing and bidding requirements when purchasing services for projects for which they will be reimbursed by your department. The recipients are usually units of local government or other state agencies.
For the following reasons, your questions are answered in the negative.
Section 378.031(1), F.S., provides:
378.031 Nonmandatory Land Reclamation Trust Fund. —
 (1) Money paid into the Nonmandatory Land Reclamation Trust Fund shall be made available for the costs expended for reclamation accomplished in accordance with programs approved by the Department of Natural Resources for lands mined or disturbed by the severance of phosphate rock prior to July 1, 1975, which lands are not subject to mandatory reclamation under s. 211.32(3). The Comptroller shall, upon written verification by the Department of Natural Resources of completion of an approved program for reclamation of lands not subject to mandatory reclamation, and upon verification of the cost of the reclamation, grant payments of funds from the Nonmandatory Land Reclamation Trust Fund in an amount equal to 100 percent of the costs incurred in completing the reclamation program, subject to the following limitations:
 (a) A landowner shall not be entitled to payments in excess of the funds available in the Nonmandatory Land Reclamation Trust Fund.
 (b) No moneys shall be paid to the landowner in excess of amounts actually expended to effect reclamation.
 (c) As to lands which are deemed reclaimed without the necessity of reclamation after the adoption of the master reclamation plan, no moneys shall be paid to the landowner.
 (d) Moneys shall be paid only for reclamation which is consistent with the master reclamation plan to be developed under s. 378.021 and adopted as a rule. (e.s.)
Thus, s 378.031(1) expressly sets out the respective duties of the Department of Natural Resources and the Comptroller in regard to money paid into the Nonmandatory Land Reclamation Trust Fund. The only role statutorily assigned to the Department of Natural Resources is `written verification . . . of completion of an approved program for reclamation of lands not subject to mandatory reclamation.' It is the Comptroller who, upon receipt of this written verification by the Department of Natural Resources, and also upon `verification of the cost of the reclamation' by his own office, must grant the specified payments from the Nonmandatory Land Reclamation Trust Fund, subject to certain limitations set forth in paragraphs (a)-(d) of s 378.031(1). Thus, by the plain language of this statute, the duty to verify the costs of reclamation reimbursable from this trust fund resides in the Comptroller, not in the Department of Natural Resources. See
Thayer v. State, 335 So.2d 815 (Fla. 1976); Swartz v. State,316 So.2d 618 (1 D.C.A. Fla., 1975) (holding that legislative intent is to be determined primarily from the plain language of a statute since a statute is to be taken, construed and applied in the form enacted). Additionally, it is also a general principle of statutory construction that `the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned.' Thayer v. State, supra, citing Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). See also
AGO's 079-108 and 079-110 (the former opinion noting that administrative agencies have only such authority as may hae been conferred on them by law, and that insofar as disposition of money in a certain trust fund was concerned, the Insurance Commissioner was limited to the manner of disposition described in the statutes. That opinion concluded that if the Legislature had intended to provide for the disposition of money in the trust fund in any other manner, it would have done so clearly and unequivocally, and that any other disposition must await specific legislative direction).
Accordingly, I must conclude, in view of the express language of s378.031(1) and the rules of statutory construction set forth above, that the Department of Natural Resources' duties under this statute are limited to verification of completion of an approved reclamation program. Thus, your questions are answered in the negative.
In summary, the Department of Natural Resources does not have the statutory duty or authority to (1) require recipients of money from the Nonmandatory Land Reclamation Trust Fund to comply with state bidding and purchasing laws and rules, or to (2) set a value upon reclamation services performed by a landowner himself.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General